WILLIAM P. BLODGET AND FANNIE H. BLODGET, EXECUTORS, ESTATE OF WILLIAM BLODGET, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM P. BLODGET, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FANNIE H. BLODGET, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10344, 29392, 29393. Promulgated October 26, 1928.

*Kenneth Howes, Esq.*, for the petitioners.
*W. F. Gibbs, Esq.*, for the respondent.

1244

OPINION.

SMITH: The question presented by these proceedings is the amount of the net profits of the partnership of Blodget & Co. for the year ended June 28, 1924, which is liable to income tax to the petitioners. The amount of these profits was $54,766.41. The petitioners accounted for none of these profits in their returns. The parties have stipulated that the right of the estate of William Blodget to receive these profits at the date of his death was $49,346.15. This is the value placed upon them by the respondent in the audit of the estate-tax return and it has been stipulated by the parties hereto that such was the fair market value of the right. The petitioners submit that only the excess of $54,766.41 over $49,346.15, or $5,420.26, can properly be regarded as taxable income to the executors or beneficiaries of the estate of William Blodget.

It has been established by numerous decisions of the Board, as well as of the courts, that for Federal income-tax purposes the executors of the estate of a decedent take over the assets of the decedent including choses in action at their fair market value on the date of the decedent's death and not at the cost of such assets to the decedent. *Frank H. Clark, Executor*, 12 B. T. A. 425; *Dorothy Payne Whitney Straight, Executrix*, 7 B. T. A. 177; *William G. Frank, Administrator*, 6 B. T. A. 1071; *Bankers' Trust Co.* v. *Bowers*, 23 Fed. (2d) 941; *Nichols* v. *United States*, 64 Ct. Cls. 241; writ of certiorari denied April 16, 1928, 277 U. S. 584.

The right of the estate of William Blodget to receive the year following the death of William Blodget the same share of the net profits of Blodget & Co. which William Blodget would have been entitled to receive had he survived was a valuable contractual right or chose in action constituting a part of the assets of William

Blodget which passed on his death to the executors of his estate. If the executors had sold the right to receive such profits for $49,346.15 it is apparent that the estate would have realized no taxable income from the transaction. The right which the executors received to collect these profits was a capital asset of the estate and the value of such asset received by the executors constituted the basis for determining a gain or loss upon the disposition thereof. Only the excess received on the disposition of the asset constituted taxable income. *Walter R. McCarthy, Executor*, 9 B. T. A. 525; *Estate of A. Plumer Austin*, 10 B. T. A. 1055. Compare also *Florence L. Klein*, 6 B. T. A. 617, wherein it was held that payments received under an annuity do not constitute taxable income except to the extent that they exceed the cost of the annuity. Also compare *William K. Vanderbilt, et al., Executors*, 11 B. T. A. 291, wherein it was held that interest accrued to the date of decedent's death on securities owned by him and dividends declared prior to his death but payable after his death on stocks owned by him were a part of the corpus or principal of his estate.

The situation which obtains in these proceedings is substantially different from that in *Ernest M. Bull, Executor*, 7 B. T. A. 993. In that case it was held that the profits of the partnership received by the estate were liable to income tax when received by the executors. It did not appear in that case that the choses in action which passed to the executors at the date of the death of the decedent had a fair market value. No specific value was assigned to the chose in action. In the present proceedings the value of the chose in action is stipulated.

Only $21,283.50 of the profits of the partnership for the year following the date of the death of William Blodget was paid over to the executors during the year 1923. This is less than the capital value of the right to receive such profits. It could not be determined at the close of 1923 that the executors would receive any further amount from the partnership. The amount received in 1923 must, therefore, be considered simply the return of a part of the capital represented by the chose in action. In 1924 the executors received and distributed to the beneficiaries under the will $5,420.26 of profits from the partnership in excess of the value of the right to receive them at the date of the death of the decedent. This excess was clearly taxable to the beneficiaries, two-fifths to William P. Blodget and three-fifths to Fannie H. Blodget.

*Judgment of no deficiency will be entered in the case of Docket No. 10344, and under Rule 50 in the case of Docket Nos. 29392 and 29393.*